IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCIAN LEE SPANN, JR., § | | |
|     PETITIONER, § | | |
| § | | |
| V. § | NO. 3:03-CV-2849-D | |
| § | | |
| DOUGLAS DRETKE, DIRECTOR, § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE, CORRECTIONAL § | | |
| INSTITUTIONS DIVISION, § | | |
|     RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**Parties**

Petitioner Lucian Lee Spann, Jr. is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**Procedural History**

On May 30, 2001, Spann pleaded guilty to two counts of unauthorized use of a motor vehicle, two counts of possession of a controlled substance, and delivery of a controlled substance. (Resp't Answer at Ex. A.) The trial court sentenced him to five years' confinement on each count, to be served concurrently. (*Id.*) Spann was eligible for mandatory-supervision release. TEX. GOV'T CODE ANN. §§ 508.147, 508.149 (Vernon 2004).

On April 3, 2003, Spann was found to have committed two disciplinary offenses—refusing

to obey an order and use of vulgar language—for which he received punishment of 45 days' commissary restriction, 45 days' cell restriction, and a line-class reduction from S3 to L1. (Federal Pet. at 7A; Resp't Answer at Exs. C & E.)  Spann then pursued his administrative remedies, essentially challenging the disciplinary proceeding on the grounds that he was denied due process, the evidence was insufficient to support the disciplinary action, and the penalty was too severe.  His "Step 1" grievance was denied on May 9, 2003.  (Federal Pet. at 7B-7C.)  He then filed a "Step 2" grievance, which was denied on June 5, 2003[1]:

> The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence.  All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines.  No further action is warranted in this matter.

(*Id.* at 7D-7E.)  In October 2003, Spann qualified for possible for mandatory-supervision release based on his earned good-conduct credits.  (*Id.* at Exs. B & D.)  Because Board policy forbids mandatory-supervision release if the prospective releasee "had a major disciplinary misconduct report in the six-month period prior to the date he is reviewed for [mandatory supervision]," the Board denied Spann release on October 8, 2003.  (Resp't Answer at Exs. D & J p. 24; Pet'r Resp. at Ex. A.)  Spann filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on November 22, 2003.  *See* RULES GOVERNING SECTION 2254 CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

---

[1] Spann did not raise his claim that the penalty was too severe in his Step 2 grievance.

**Issues**

Spann challenges the prison disciplinary proceeding as violative of his constitutional rights on the following grounds:

1. He was denied due process and proper procedures.

2. The evidence was insufficient to support the disciplinary action.

3. He was denied his right to mandatory supervision as a result of the unconstitutional disciplinary action.

Spann seeks immediate release to mandatory supervision. (Federal Pet. at Mem.; Pet'r Resp. at 3.)

**Exhaustion of State Court Remedies**

Dretke believes Spann has not exhausted his administrative remedies on his claim that he was being denied his right to mandatory supervision and asserts that Spann's entire petition should be dismissed as a "mixed" petition. (Resp't Answer at 5.) However, Dretke believes that Spann's remaining allegations, i.e., denial of due process and insufficient evidence, have been properly exhausted.

**Exhaustion and Procedural Default**

A federal habeas corpus petitioner attacking a disciplinary proceeding is required to exhaust his administrative remedies before seeking a writ in federal court. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). In Texas, the only available remedy to attack a disciplinary proceeding is through the administrative grievance procedure and not through the state court system. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988). When a petitioner attacks a disciplinary proceeding, he must exhaust the TDCJ-CID grievance procedures. *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980).

Although Spann raised his due-process and insufficiency claims during his administrative

3

grievance process, he wholly failed to raise his allegation that he was denied the right to mandatory supervision as a result of the disciplinary proceeding. Thus, he seeks federal habeas relief on factual and legal allegations that were never made in the grievance process, which renders these claims unexhausted. *Cf. Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001) (discussing exhaustion through state court proceedings).

However, Spann cannot return to the TDCJ-CID grievance process to cure this deficiency. Spann was required to raise any claims pertaining to his disciplinary proceeding in a Step 1 grievance within 15 days of his hearing. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Any further grievance filed at this late date—over two years after the disciplinary hearing took place—would be untimely. Thus, Spann has procedurally defaulted this claim. *Jones v. Dretke*, No. 3:03-CV-1638-M, 2004 WL 287740, at *1 (N.D. Tex. Feb. 5, 2004).

Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20.

Spann has not given any explanation to excuse his default. Indeed, any problem with his disciplinary proceeding was known to Spann before he filed his grievance procedures. *Robison v. Johnson*, 151 F.3d 256, 263 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999). Accordingly, this claim is procedurally barred. *Jones*, 2004 WL 287740, at *1.[2]

---

[2]Even if not barred, his claim is meritless. Texas mandatory-supervision statutes do not confer a liberty interest; thus, even if the disciplinary proceeding affected Spann's eligibility for mandatory supervision, his due-process rights have not been violated, and his claim is not

4

## **Discussion**[3]

Spann argues that he was denied substantive and procedural due process at the disciplinary hearing and that the evidence was insufficient to find he committed the disciplinary violations. As a result of the disciplinary action, Spann received 45 days' commissary restriction, 45 days' cell restriction, and a line-class reduction from S3 to L1. He did not lose any accrued good-time credits; thus, he was not deprived of a protected liberty interest, which does not implicate the guarantees of the Due Process Clause. *Luken*, 71 F.3d at 193; *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000). Likewise, his sufficiency argument is not cognizable in this action. *Brager v. Cockrell*, No. 3:02-CV-898-D, 2002 WL 1160067, at *2 (N.D. Tex. May 29, 2002). Further, the offense report constitutes some evidence to refute any claim that the Board's actions were arbitrary or capricious. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001); *Bannelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam).

---

cognizable on federal habeas corpus review. 28 U.S.C. § 2241(c)(3); *Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996).

[3]Although this is a mixed petition containing exhausted and unexhausted claims, this Court will address the merits of the exhausted claims. *Hollis v. Cockrell*, No. 4:02-CV-265-Y, 2002 WL 31051015, at *1 n.1 (N.D. Tex. Sept. 12, 2002).

**Recommendation**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[4] be DENIED.

SIGNED June 15, 2005

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]Because Spann lost no good-conduct credits as a result of the challenged disciplinary proceeding and seeks immediate or speedier release, his petition is necessarily one brought under 28 U.S.C. § 2241. *Lerman v. Fed. Bureau of Prisons*, No. 1:01-CV-232-C, 2003 WL 22121092, at *1, 6 (N.D. Tex. Sept. 12, 2003); *Brager*, 2002 WL 1160067, at *2.

**INSTRUCTION FOR SERVICE
AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE